233 F.2d 138
 16 Alaska 180
 William RICHARDS, Clancy Henkins, Joseph L. Riedi, Robert S.
Schy and Lois Lane, Appellants,
v.
JUNEAU INDEPENDENT SCHOOL DISTRICT and Douglas Independent
School District, to Be Known as Juneau-Douglas
Independent School District, Appellees.
 No. 14856.
 United States Court of Appeals Ninth Circuit.
 April 3, 1956.
 
 Robertson, Monagle & Eastaugh, M. E. Monagle, Juneau, Alaska, for appellants.
 Faulkner, Banfield & Boochever, Juneau, Alaska, for appellee.
 Before FEE and McALLISTER, Circuit Judges, and MATHES, District Judge.
 JAMES ALGER FEE, Circuit Judge.
 
 
 1
 The Douglas Independent School District filed in the District Court for the District of Alaska, Division Number One, at Juneau, an application for order calling for an election for the purpose of determining whether the people of the Douglas District and the Juneau Independent School District desired consolidation. The District Judge made an 'order' calling the election and appointed judges therefor. Upon certification of the results of the election, Judge Folta, the District Judge, entered an 'order' on March 18, 1955, establishing Juneau-Douglas Independent School District and declaring five persons duly elected as directors. No appeal has ever been taken from this order.
 
 
 2
 On March 28, certain persons describing themselves as 'permanent residents and inhabitants, qualified electors and taxpayers within the boundaries of the Douglas Independent School District, either within or without the boundaries of the Municipality of Douglas, Alaska, and signers of and parties to the petition hereto attached and made a part hereof'; and 'petition this Honorable Court for leave to appear herein by this motion.' The motion was that the 'order' of March 18 'be vacated and set aside or altered or amended, or that a new trial be granted and movants authorized to appear and defend on their own behalf and on behalf of all persons similarly situated.' The grounds for vacation were certain alleged irregularities in the election and in the proposal involved therein to levy an additional tax.
 
 
 3
 Certain other persons describing themselves as 'permanent residents and inhabitants, qualified electors, property owners and taxpayers of the Municipal Corporation of Douglas, Alaska, appear herein for themselves and for all other permanent residents and inhabitants who are qualified electors, property owners and taxpayers within said municipality of Douglas, Alaska, who are parties to the petition signed by some 222 residents of Douglas, Alaska, and heretofore filed in the above-entitled Court and Cause' thereby 'petition the above Honorable Court for leave to appear herein by this motion,' and further desire the vacation of the order or a 'new trial' for the identical reasons.
 
 
 4
 Thereafter, on April 1, 1955, the five persons chosen duly qualified as directors of the consolidated school district.
 
 
 5
 On April 22, 1955, there was made on the records of the court a 'minute entry' in relation to this matter:
 
 
 6
 'This case came on for hearing arguments on two Petitions for leave to appear to alter and amended Judgment. Robert Boochever appeared in behalf of the School Boards; M. E. Monagle for the Petitioners. Counsel argued the matter following which the court took the question under advisement.'
 
 
 7
 On April 23, 1955, there appeared in relation thereto the following 'minute entry':
 
 
 8
 'The court having heard arguments on the petitions filed which asked to Alter and Amend the Order of Consolidation, at this time ruled that the petitioners would be denied.'
 
 
 9
 This matter was elaborately briefed, but at the outset the court raised the question of our jurisdiction, which, in violation of the rules of this Court, had been merely hinted at but not developed in the briefs of the respective parties.
 
 
 10
 This Court is limited to appeals from 'final orders' entered in cases or controversies or judicial cognizance.
 
 
 11
 The order here appealed from is designated as a minute order and is not signed by the judge, according to the record. On its face, it does not appear to be a final judgment or even a judiciable order. Although the circumstance might not be conclusive, there is no notation that it was docketed. If the entry of the previous day be inspected, the matters disposed of were 'two Petitions for leave to appear to alter and amend Judgment,' and it will be noted that the petitions themselves bear out the idea that the persons described were asking as of grace to be heard. But much more serious is the fact that no appeal was sought from the original order for consolidation, if it be assumed such an appeal would lie.
 
 
 12
 At the best, the petition would be one for new trial or for permission to attack an order, the time for appeal of which had run. Under neither circumstance would appeal have jurisdictional foundation. It seems apparent the judge simply denied the petitions because he was of opinion these had no standing even before him. Indeed, while the Alaska law provides for the entry of an order consolidating the districts, there is no provision, which has been called to our attention, permitting any attack upon the order thus entered. In any event, the order denying petitions for leave to appear and for vacation or amendment of the order of consolidation was not a 'final order.'
 
 
 13
 Upon motion of the court, the question of the existence of a case or controversy in the District Court was considered. It is our opinion that the proceeding below was administrative in nature. It was argued that the type of remedy could not be criticized first on appeal. The matter concerns jurisdiction. There was a suggestion that the motion was equivalent to a quo warranto. The common law form of this proceeding has been abolished in Alaska, and an action in the nature of quo warranto was substituted. If such a proceeding had been instituted, a case or controversy would have been presented. But it was not even attempted. The face of the petition makes that clear. Such an action required the consent of the Attorney General in England, and in a modified form universally requires the joinder or consent of the executive in some form. This is because of its origin as a prerogative writ, whereby the sovereign sought to reclaim powers unlawfully usurped. Here it would seem to require consent of the Governor of the territory or of the United States Attorney. Besides, the defendants are the persons alleged to have usurped the powers. Here the order alone is attacked, and the entity thereby created attempted to defend apparently on its own motion. The proceeding was not one in the nature of quo warranto or in any other recognizable form of case or controversy.
 
 
 14
 The proceeding is dismissed for lack of jurisdiction.