John J. BURKE, Jr., Petitioner, Appellant,

v.

COMMISSIONER OF INTERNAL REVENUE et al., Respondents, Appellees.

No. 5964.

United States Court of Appeals
First Circuit.

April 23, 1962.

Solomon Sandler, Gloucester, Mass., for appellant.

Donald P. Horwitz, Attorney, Department of Justice, with whom Louis F. Oberdorfer, Asst. Atty. Gen., Lee A. Jackson and Robert N. Anderson, Attorneys, Department of Justice, W. Arthur Garrity, Jr., U. S. Atty., and Thomas P. O'Connor, Asst. U. S. Atty., were on brief, for appellees.

Before WOODBURY, Chief Judge, and HARTIGAN and ALDRICH, Circuit Judges.

PER CURIAM.

The appellant filed a petition in the court below for a declaratory judgment setting forth whether or not he is entitled to trial before the Tax Court of the United States on his petition pending in that court for redetermination of his income tax liability for the years 1952 to 1955, inclusive, for an order directing the respondents, the Commissioner of Internal Revenue and the local District Director, forthwith to issue statutory notices of deficiency with respect to those years, and for general relief. The respondents moved to dismiss for lack of jurisdiction and after hearing arguments of counsel the court below from the bench, so we are told, but the appellant's record appendix does not include a transcript of the proceedings at the hearing, orally dismissed the petition for lack of jurisdiction. Immediately after the hearing counsel for the plaintiff filed notice of appeal.

It is true that a docket entry reflects the action taken by the court below on the bench. But a docket entry is not *per se* a judgment. It is but a minute of action taken by the court, for courts render judgments; clerks only enter them on the court records. What is determinative therefore is the action of the court, not that of the clerk, and lacking a transcript we do not know whether the court intended its announcement from the bench to be its "final decision" or not. That is to say, we cannot tell on the record presented to us whether the court's statement from the bench embodied the essential elements of judg-

ment, or was merely a forecast of the final action it intended to take. No specific form of words are required to constitute a judgment. Intention controls and a final decision may even be embodied in an opinion. United States v. F. & M. Schaefer Brewing Co., 356 U.S. 227, 232, 78 S.Ct. 674, 2 L.Ed.2d 721 (1958). But since we know full well that it is the general, indeed the universal, practice of the court below to express its judgments in separate documents clearly so labeled, we can only assume, in the absence of clear evidence to the contrary, that it intended to follow its established practice in this case and did not intend its oral pronouncement from the bench to constitute its final determinative action. No judgment ever having been rendered:

An order will be entered dismissing this appeal for lack of appellate jurisdiction.