370 F.2d 121
 The PURE OIL COMPANY, Appellant,
v.
C. J. BOYNE et al., Appellees.
BRENT TOWING COMPANY, Inc., Appellant,
v.
The PURE OIL COMPANY, Appellee.
BRENT TOWING COMPANY, Inc., Claimant, etc., Appellant,
v.
C. J. BOYNE et al., d/b/a Caribbean Towing Co., Claimants, etc., Appellees.
 No. 22522.
 No. 22583.
 United States Court of Appeals Fifth Circuit.
 December 6, 1966.
 
 H. Barton Williams, Deutsch, Kerrigan & Stiles, New Orleans, La., for Pure Oil Co., W. Gerald Gaudet, New Orleans, La., of counsel.
 J. Y. Gilmore, Jr., Faris, Ellis, Cutrone, Gilmore & Lautenschlaeger, New Orleans, La., for C. J. Boyne and others.
 George A. Frilot, III, Lemle & Kelleher, Eldon T. Harvey, III, New Orleans, La., for Brent Towing Co., Inc.
 Before THORNBERRY and COLEMAN, Circuit Judges, and YOUNG, District Judge.
 THORNBERRY, Circuit Judge.
 
 
 1
 This litigation arose out of a barge collision which caused the loss of gasoline owned by Pure Oil Company worth $8,900. A barge towed by a tug owned and operated by Caribbean Towing Co. rammed the barge carrying gasoline and towed by the m/v Diana Brent, a tug of the Brent Towing Co. Pure Oil instituted a libel action against Caribbean, which in turn impleaded Brent under Admiralty Rule 56. Thereafter, Brent filed a cross-libel against Pure Oil. The entire matter was tried before the court on June 14 and 15, 1964. On November 3, 1964, the court filed Findings of Fact and Conclusions of Law to the effect that there was negligence in the operation of both tugs and that damages should be equally divided. However, the court, construing the contractual relationship existing between the various parties involved in the shipment, concluded that Brent was entitled to be relieved of responsibility for its one-half share of the cargo damage. Therefore, Pure Oil could recover only one-half of its damages, those assessed to Caribbean.
 
 
 2
 Motions by Pure Oil for rehearing and to amend the court's findings were denied in open court on December 18, 1964, such denial being noted by the clerk with a minute entry in the court docket. On February 3, 1965, Pure Oil filed a notice of appeal from the December 18 action of the court. On February 11, the court entered a formal decree embodying the minute entry of December 18. Brent appealed from this formal decree on April 22 and Caribbean filed cross-assignments of error on April 29.
 
 
 3
 Pure Oil seeks dismissal of the appeals of Brent and Caribbean, arguing that the December 18 minute entry, not the February 11 formal decree, was final judgment for purposes of appeal. We disagree. 28 U.S.C. § 2107 allows appeal within 90 days from entry of final judgment in admiralty cases. However, neither Section 2107 nor the Admiralty Rules seeks to set out the requirements of an appealable final judgment or order. Logic and common sense require that the law as to what constitutes "final judgment" for purposes of appeal be uniform in all types of civil litigation. Although the Federal Rules of Civil Procedure were not applicable as such to suits in admiralty prior to July 1, 1966,[1] when a matter was not expressly covered by the Admiralty Rules it was not uncommon for a federal court sitting in admiralty to apply by analogy the requirements of the Federal Rules of Civil Procedure and the cases which interpret those requirements. See, e. g., Papanikolaou v. Atlantic Freighters, Ltd., 4th Cir. 1956, 232 F.2d 663; United States v. Cia Luz Stearica, 9th Cir. 1950, 181 F.2d 695. Indeed, the Rules of this Circuit may be viewed as lending support to this practice. See Fifth Circuit Rules 12, 16.
 
 
 4
 Since July 1, 1963, Rule 58, Fed.R. Civ.P. has required that "[e]very judgment shall be set forth on a separate document." All of the cases cited by Pure Oil in support of its motion to dismiss were decided prior to this addition to Rule 58. Indeed, several of those cases indicate that their rationale would have differed had the rules required entry of a judgment on a separate document. United States v. F & M Schaefer Brewing Co., 1958, 356 U.S. 227, 232, 78 S.Ct. 674, 677, 2 L.Ed.2d 721; Associated Press v. Taft-Ingalls Corp., 6th Cir. 1963, 323 F.2d 114, 115.[2]
 
 
 5
 Clearly, nothing was done by the court on December 18 which can be said to constitute entry of judgment. The only act on the part of the court was oral, and the only written evidence of such action was the minute entry of the clerk. Even prior to the added requirement of Rule 58, this minute entry alone could not stand as a final judgment of the district court. "Courts render judgments; clerks only enter them on court records." Burke v. Commissioner of Internal Revenue, 1st Cir. 1962, 301 F.2d 903. The only document which can constitute final judgment for purposes of appeal is the formal decree of February 11, 1965. Consequently, the appeals of Brent and Caribbean were timely filed.
 
 
 6
 After careful consideration of the appeals of all parties on the merits, we are unable to find that the district court was clearly erroneous in its findings of fact. Furthermore, agreeing with the district court's application of the law in its excellent memorandum opinion, Pure Oil Co. v. M/V Carribbean, D.C., 235 F.Supp. 299, we affirm.
 
 
 
 Notes:
 
 
 [1]
 Rule 81(a) (1), Fed.R.Civ.P. E. g., Firemen's Fund Ins. Co. v. Standard Oil Co., 9th Cir. 1964, 339 F.2d 148; Theodorakis v. Xilas, 4th Cir. 1952, 200 F.2d 107. This suit was begun prior to July 1, 1966, and thus new Rule 1, Fed.R.Civ.P. (which expressly provides that these rules shall govern suits in admiralty) is not applicable
 
 
 [2]
 The effect of new Rule 58 upon the cases cited by Pure Oil is made clear by the Notes of the Advisory Committee on the Rules which accompany the amended rule. 28 U.S.C.A. at 157 (Cum.Supp. 1965)