UNITED STATES of America, Plaintiff,

v.

Wesley C. WILLIAMS et ux., Defendants.

No. CIV–4–79–40.

United States District Court, E. D. Tennessee, Winchester Division.

Jan. 7, 1980.

**130**

Byron R. Trauger, Asst. U. S. Atty., Chattanooga, Tenn., John H. Cary, U. S. Atty., Knoxville, Tenn., for plaintiff.

No counsel of record for defendants.

## MEMORANDUM OPINION AND ORDER

NEESE, District Judge.

This is a civil action commenced by the plaintiff United States of America, 28 U.S.C. § 1345, to obtain the possession of certain realty it claims was purchased for it at a sale conducted by a trustee under a deed of trust. The defendants are in default for their failure to plead or otherwise defend. Rule 55(a), Federal Rules of Civil Procedure.

The action of the clerk, in entering the defendants' default, did not adjudicate the law upon the matters between the parties hereto or determine the facts deemed to exist upon the defendants' default. Only the Court can do that and enter a final judgment herein. *Cf. Burke v. C. I. R.*, C.A. 1st (1962), 301 F.2d 903[1].

Although there is no judgment herein, the plaintiff moved the Court * for an order putting it in possession of the aforementioned realty. This is not the correct procedural remedy after the entry of the defendants' default; application should have been made under Rule 55(b)(2), Federal Rules of Civil Procedure, for the entry of a judgment against the defendants by default. *General Motors Corporation v. Blevins*, D.C.Colo. (1956), 144 F.Supp. 381, 389[6] (where after entry of a default the plaintiff sought a judgment on the pleadings), cited in *Stands Over Bull v. Bureau of Indian Affairs*, D.C.Mont. (1977), 442 F.Supp. 360, 367[13]. For such reason, the motion of the plaintiff hereby is

DENIED.

---

* There was not submitted with such written motion a brief with authorities as required by local Rule 12(a).