**R.J. WOLF, Plaintiff-Appellee,**

v.

**BANCO NACIONAL de MEXICO, S.A., a/k/a Banamex, Defendant-Appellant.**

**No. 83–1534.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 11, 1983.

Decided Dec. 6, 1983.

R.J. Wolf, pro se. ·

Jacob H. Stillman, Daniel L. Goelzer, Rosalind C. Cohen, David A. Sirignano, Washington, D.C., Elizabeth E. Ashcraft, Los Angeles, Cal., for SEC.

David W. Steuber, Paul, Hastings, Janofsky & Walker, John F. Kimberling, Lillick, McHose & Charles, Los Angeles, Cal., for defendant-appellant.

Steven M. Lucas, P.C., David R. Sahr, Shaw, Pittman, Potts & Trowbridge, Washington, D.C., for amicus curiae Inst. of Foreign Bankers.

Thomas A. Brooks, Werner Goldman, Arthur L. Beamon, MaryBeth Triano, Washington, D.C., for amicus curiae Federal Deposit Ins. Corp.

Before DUNIWAY, WALLACE and PREGERSON, Circuit Judges.

DUNIWAY, Circuit Judge:

The judgment appealed from does not dispose of all issues in the case and is therefore not an appealable judgment. The appeal must be dismissed.

The second amended complaint alleges three claims for relief. The first charges violation of 15 U.S.C. § 77v and Rule 10b–5 of the Securities and Exchange Commission, 17 C.F.R. § 240.10b–5, in the solicitation of, and obtaining from Wolf, time deposits, in pesos, by means of the mail, the securities not being registered. The second charges that Wolf was defrauded by Banamex in the transactions. The third charges violation by Banamex of § 25110 of the California Corporations Code which is actionable under § 25503.

On cross motions for summary judgment, the court granted Wolf's motion and denied Banamex's motion. In its opinion, the court considered only the first claim for relief. Its reason is as follows:

> The Court does not reach these fraud claims. Both parties have moved for summary judgment on the dispositive issue of whether plaintiff's time deposits were securities. If the deposits were securities, then Banamex is strictly liable under the 1933 Act for failing to register them. If the deposits were not securities, then this Court has no jurisdiction over any of plaintiff's claims.

*Wolf v. Banco Nacional de Mexico,* N.D. Cal., 1982, 549 F.Supp. 841 at 843. The court then held that the deposits were securities, but did not further consider the second and third claims.

The judgment is a curious document. It reads, in full:

> The matter having come before the Court on cross-motions for summary judgment, and the Court having determined that plaintiff R.J. Wolf is entitled to judgment as a matter of law,
>
> IT IS ORDERED AND ADJUDGED that judgment be entered for plaintiff, the parties to bear their own costs.

It does not specify whether judgment is for Wolf on all three claims, or only the first. The opinion, however, makes it clear that the court "did not reach" those claims, i.e., the second and third. They are left wandering somewhere in limbo; this in spite of the fact that the prayer is for the amount of principal lost, plus interest, plus ten million dollars "in punitive or exemplary damages for fraud." There is also a prayer for attorney's fees, although Wolf is himself an attorney and acting in pro per. The judgment does not award any damages or attorney's fees.

Because the court's judgment did not consider claims two and three, they remain live claims for relief. Therefore the judgment is a partial summary judgment, not reviewable as a final judgment under 28 U.S.C. § 1291. *See Chacon v. Babcock,* 9 Cir., 1981, 640 F.2d 221, 222.

Moreover, a judgment is not final as to one entire claim under 28 U.S.C. § 1291, or under F.R.Civ.P. 54(b) if it decides only liability and leaves open the question of relief. *Liberty Mutual Insurance Co. v. Wetzel,* 1976, 424 U.S. 737, 96 S.Ct. 1202, 47 L.Ed.2d 435; *Hain Pure Food Co. v. Sona Food Products Co.,* 9 Cir., 1980, 618 F.2d 521, 522; *United States v. Southern Pacific Transportation Co.,* 9 Cir., 1976, 543 F.2d 676, 681 n. 5.

There is no direction for entry of final judgment on the first claim, and no determination that there is no just reason for delay under F.R.Civ.P. 54(b). Even if there were, an appeal would not lie under Rule 54(b), because the judgment does not dispose of the entire first claim. There are no findings under 28 U.S.C. § 1292(b).

The appeal is dismissed. If there is a later appeal from a final judgment under 28 U.S.C. § 1291 or Rule 54(b), or an interlocutory appeal under 28 U.S.C. § 1292(b), the appeal will be assigned to this panel. If in such an appeal the substantive issues are the same as those presented in the briefs in this appeal, the parties may rely upon the briefs on file in this appeal, and ask leave to supplement those briefs if they wish to do so.