Shirley WOOD, et al.,
Plaintiffs-Appellants,

v.

COAST FRAME SUPPLY, INC., a California corporation; et al.,
Defendants-Appellees.

No. 84–5826.

United States Court of Appeals,
Ninth Circuit.

Jan. 7, 1986.

Michael G. Portner, Tucker & Johnson, Los Angeles, Cal., for plaintiffs-appellants.

Matthew A. Hodel, Paul, Hastings, Janofsky & Walker, Costa Mesa, Cal., for defendants-appellees.

Before FLETCHER, PREGERSON, and HALL, Circuit Judges.

### ORDER

Plaintiffs-appellants Shirley Wood and Jeff Wood ("Shirley" and "Jeff," or "the Woods") were employed by defendant-appellee Coast Frame Supply, Inc. Defendant-appellee Kenneth Alcorn is President and eighty-five percent shareholder of Coast Frame. The Woods brought suit against Alcorn and Coast Frame for violation of the state wiretapping statute, Cal. Penal Code §§ 630–637, the federal wiretapping statute, 18 U.S.C. §§ 2510–2520, common law invasion of privacy, intentional infliction of emotional distress, and fraud.

Defendants moved for summary judgment. During oral argument on December 5, 1983 the district judge indicated on the record that he intended to grant summary judgment for defendants on all but the fraud cause of action and Jeff's claim for intentional infliction of emotional distress. The courtroom deputy clerk prepared a minute order which was entered on December 6, 1983, and reflected the district judge's oral decision. The clerk's minute order stated that a memorandum of decision and an order would be forthcoming. At a hearing on February 13, 1984, the district judge stated that the memorandum decision and order on the summary judgment would be in conformance with the position stated during the December 5, 1983 hearing. However, after discussion with counsel, the district judge modified his position and ordered summary judgment granted on Jeff's emotional distress claim.

No memorandum of decision or signed order appears in the record, nor does the record reflect that the clerk entered summary judgment in favor of defendants on such claims.

On April 2, 1984, the district judge ruled orally that the remaining cause of action for fraud was remanded to state court for lack of federal jurisdiction, and requested the Woods' counsel to prepare the formal order. No such remand order appears in the record, nor does the record reveal entry of any final judgment.

The Woods appeal the district court's rulings granting summary judgment. Defendants object to the appeal arguing that there is no appellate jurisdiction over the minute orders issued by the courtroom deputy clerk. We agree with defendants that a courtroom deputy clerk's minute order evidencing the district court's oral decision is not a final appealable order.[1] *In re L.B. & W. 4217*, 238 F.2d 163, 164 (9th Cir.1956); *Richards v. Juneau Independent School District*, 233 F.2d 138, 140 (9th Cir.1956); *Weldon v. United States*, 196 F.2d 874, 875–76 (9th Cir.1952). As the Fifth Circuit held in *Pure Oil Co. v. Boyne*, 370 F.2d 121 (5th Cir.1966):

> [N]othing was done by the court ... which can be said to constitute entry of judgment. The only act on the part of the court was oral, and the only written evidence of such action was the minute entry of the clerk.... [T]his minute entry alone could not stand as a final judgment of the district court. "Courts render judgments; clerks only enter them on court records."

*Id.* at 122–23 (quoting *Burke v. Commissioner*, 301 F.2d 903 (1st Cir.1962) (per curiam)).

The lack of a final written judgment entered by the clerk of the district court is not a technicality. A final written judg-

---

1. The Local Rules for the United States District Court for the Central District of California provide in part:

   14.10.5 ENTRY OF JUDGMENT—MEMORANDUM OF DECISION, OPINION, MINUTE ORDER—Notation in the civil docket of entry of a memorandum of decision, an opinion of the Court, or a minute order of the Clerk shall not constitute entry of judgment pursuant to F.R.Civ.P. 58 and 79(a) unless specifically ordered by the judge.

ment is an indication to the parties and to this court that the district court considers its task completed. Entry of a final written judgment also provides a definite date for computing the timeliness of post judgment motions and notices of appeal.

The appeal is DISMISSED. We remand to the district court for entry of a written judgment in this case. In the event either party files a timely appeal, the briefs and excerpt of record on file shall serve for the new appeal, and the appeal shall be assigned to this panel. The panel will then decide the case without further oral argument.