Dorothy T. COUGHLIN,
Plaintiff-Appellant,

v.

TRANS WORLD AIRLINES, INC.,
Defendant-Appellee.

No. 87–5954.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 11, 1987.

Decided June 7, 1988.

As Amended on Denial of Rehearing and Rehearing En Banc Aug. 5, 1988.

---

Marc R. Levine, Corona, Cal., for plaintiff-appellant.

James M. Derr, Los Angeles, Cal., for defendant-appellee.

Before BROWNING, Chief Judge, HUG and REINHARDT, Circuit Judges.

PER CURIAM:

Mrs. Coughlin's baggage, which contained the cremated remains of her husband, was lost by Trans World Airlines (TWA). She sued TWA for $78,000, an amount exceeding the baggage liability limitation printed on her ticket, on the theory that the ticket agent's negligence in misinforming her that she was required to check the package containing the remains with her luggage—rather than carrying it with her on the plane as she wished—voided the liability limitation. TWA moved for partial summary judgment on the issue whether the liability limitation was valid notwithstanding the airline's negligence. The district court granted the motion. After a subsequent bench trial the court awarded Mrs. Coughlin $1,250, TWA's maximum liability under its tariff for the loss of baggage, less an amount already paid Mrs. Coughlin. Mrs. Coughlin appeals. We reverse.

An air carrier may limit its liability for loss or destruction of luggage, provided the carrier allows the passenger to protect her luggage by either carrying it on board or purchasing excess valuation insurance. *See Deiro v. American Airlines, Inc.,* 816 F.2d 1360, 1365 (9th Cir.1987); *Klicker v. Northwest Airlines, Inc.,* 563 F.2d 1310, 1315–16 (9th Cir.1977). These terms are interdependent: if the carrier is to limit its liability, it must allow alternative means of protecting the transported items. TWA's published tariff limits its liability to $1250 for loss or damage to baggage, explains the procedure for purchasing extra insurance, and expressly instructs passengers to carry their valuables personally.

TWA's ticket agent would not allow Mrs. Coughlin to carry her husband's cremated remains on board the aircraft, even though they were in a small package apparently well within the size restriction for carry-on luggage.[1] The question is what effect the agent's instructions had on the enforceability of the tariff limitation.

Mrs. Coughlin's claim that the agent's negligence voided the contract is mistaken. This court has recently held a carrier's tariff limitation is valid "regardless of the degree of the carrier's negligence." *Deiro v. American Airlines,* 816 F.2d at 1366 (citations omitted).

*Deiro* did not address the question presented here, however, involving a breach by the carrier of the tariff agreement. By refusing to allow Mrs. Coughlin to carry the remains on board, TWA breached Tariff Rule 230(B)(3) which states that valuables "should be carried personally by the passenger." The cremated remains were unquestionably valuable, and there is nothing in the record to suggest carriage of human ashes on board was prohibited. Under the express terms of the contract Mrs. Coughlin should have been allowed to carry the remains on board.

---

1. On appeal we review the district court's partial summary judgment entered prior to the stipulated trial. *See Wolf v. Banco Nacional de Mexico,* 721 F.2d 660, 662 (9th Cir.1983). We therefore assume the truth of the facts as alleged in the complaint since TWA assumed their truth in moving for summary judgment on the legal question concerning the effect of the agent's representations on the enforcement of the tariff limitation. On remand, any facts assumed for the purpose of this decision that are disputed may be determined by the trier of fact after a hearing.

It is axiomatic that a material breach of an agreement warrants rescission. *See Federal Deposit Ins. Corp. v. Air Florida Sys., Inc.,* 822 F.2d 833, 840 (9th Cir.1987). Courts and commentators have variously described the present situation as a failure or frustration of consideration, waiver, estoppel and breach. *See S.M. Wilson & Co. v. Smith Int'l, Inc.,* 587 F.2d 1363, 1373-75 (9th Cir.1978); *Soo Line R.R. Co. v. Fruehauf Corp.,* 547 F.2d 1365, 1370 (8th Cir. 1977); 6 *Corbin on Contracts* §§ 1255-56 (1962); 17 Am.Jur.2d § 398. Regardless of the term used, it is clear that TWA cannot now attempt to enforce a provision of the contract it has violated. TWA's refusal to allow Mrs. Coughlin to protect her valuables by carrying them personally effectively denied her the benefit of her bargain with respect to the tariff agreement. *See Klicker v. Northwest Airlines, Inc.,* 563 F.2d at 1316. Moreover, TWA's breach caused the very damages at issue. We conclude that TWA's breach of the tariff agreement rendered the tariff liability limitation unenforceable.

REVERSED and REMANDED.