931 F.2d 60
 Unpublished Disposition
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 
 Eileen MARATTA-MOSS, Plaintiff-Appellee,
v.
SOUTHLAND NEUROLOGICAL MEDICAL GROUP, Etc., et al, United of
Omaha Life Insurance Company, Defendants-Appellants.
 No. 90-55580.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 5, 1991.
Decided April 26, 1991.
 Before PREGERSON, CYNTHIA HOLCOMB HALL and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Defendant-appellant United of Omaha Life Insurance Company ("Omaha") appeals a district court order granting summary judgment in favor of plaintiff-appellee Eileen Maratta-Moss in her action to recover benefits under an ERISA employee welfare benefit plan administered by Omaha. We dismiss Omaha's appeal for want of jurisdiction.
 
 
 3
 The plan at issue provided coverage for "sickness" and "injury" up to a maximum of $1,000,000, subject to certain limitations, but limited coverage for "mental or nervous disorders" to $50,000. Appellee incurred medical bills in excess of $185,000 in treating her son Raymond, who suffers from the residual consequences of a head trauma. Omaha termed Raymond's injury a "mental or nervous disorder" and refused to pay benefits beyond $50,000. Appellee then brought suit, seeking, inter alia, a determination that Raymond's condition was of "medical" rather than "psychiatric" origin, and thus was not subject to the plan's $50,000 limitation, and that Omaha was otherwise required to pay all benefits due under the plan. C.R. 1. Omaha, in addition to claiming that it had properly denied benefits under the "mental or nervous disorder" limitation, asserted that its liability was further limited by the plan's "medically necessary" and "usual and customary charge" limitations. C.R. 25.
 
 
 4
 Both parties moved for summary judgment on the question whether Raymond's condition was subject to the $50,000 limitation. C.R. 21, 28. The court granted appellee's motion in a written memorandum of decision. C.R. 34. It did not, however, enter a final written judgment as required by Rules 58 and 79(a) of the Federal Rules of Civil Procedure. In the absence of a final judgment, we lack jurisdiction to hear Omaha's appeal. Wood v. Coast Frame Supply, 779 F.2d 1441, 1442-43, amended, 791 F.2d 802 (9th Cir.1986); 28 U.S.C. Sec. 1291. We therefore remand to the district court for further proceedings and entry of a final judgment.[1]
 
 
 5
 DISMISSED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We assume that the district court did not enter a final judgment because questions of fact remain as to the extent of Omaha's liability under the plan's "medically necessary" and "usual and customary charge" limitations. If so, the court's grant of summary judgment was clearly interlocutory and was not reviewable under 28 U.S.C. Sec. 1291. See Wolf v. Banco Nacional de Mexico, 721 F.2d 660, 662 (9th Cir.1983); Fed.R.Civ.P. 56(c). In the event, however, that the court's failure to enter final judgment was instead on oversight and on remand the district court enters a final judgment without holding further proceedings, this panel will retain jurisdiction over a timely appeal. The briefs and excerpt of record on file shall serve for the new appeal. The panel will then decide the case without further oral argument