8 F.3d 25
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Harvey L. BEAGLE, II, Plaintiff-Appellant,
v.
James ANDERSON; et al., Defendants-Appellees.
 No. 92-36584.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 6, 1993.*
Decided Oct. 20, 1993.
 
 Before: BEEZER, KOZINSKI, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Harvey L. Beagle, II, a Washington state prisoner, appeals pro se the district court's dismissal of his consolidated actions. We dismiss this appeal.
 
 
 3
 * Beagle filed two actions in district court under 42 U.S.C. § 1983. The district court consolidated the actions and determined that, in part, Beagle was challenging the constitutionality of his confinement.[1] To this extent, the court construed Beagle's action as a habeas petition and stayed it to allow Beagle an opportunity to exhaust his available state remedies. Beagle failed to take steps to exhaust, however, and the court dismissed his case without prejudice to refiling.
 
 
 4
 In an order issued on May 28, 1993, this court stated that the district court properly construed Beagle's action as a habeas petition. See Preiser v. Rodriguez, 411 U.S. 475, 489-90, 500 (1973); Young v. Kenny, 907 F.2d 874, 875 (9th Cir.1989) ("[w]here a state prisoner challenges the fact or duration of his confinement, his sole federal remedy is a writ of habeas corpus"), cert. denied, 498 U.S. 1126 (1991). However, because the district court did not issue a certificate of probable cause ("CPC") or state why a CPC should not issue, we remanded this matter to the district court for that purpose. See Gardner v. Pogue, 558 F.2d 548, 550, 552 & n. 2 (9th Cir.1977); Fed.R.App.P. 22(b). On June 17, 1993, the district court declined to issue a CPC on the grounds Beagle had not exhausted his state remedies and the appeal did not present substantial questions.
 
 
 5
 Before bringing a federal habeas petition, a state prisoner must exhaust his or her available state remedies. 28 U.S.C. § 2254(b); see Rose v. Lundy, 455 U.S. 509, 515 (1982); Young, 907 F.2d at 876. Because the record shows Beagle has not exhausted his state remedies, and because Beagle has not otherwise made a "substantial showing of the denial of a federal right," we decline to issue a CPC and dismiss this portion of Beagle's appeal for lack of jurisdiction. Lynch v. Blodgett, 999 F.2d 401, 402 (9th Cir.1993); see Fed.R.App.P. 22(b); 28 U.S.C. § 2253.
 
 II
 
 6
 As described above, the district court stayed these consolidated cases to the extent Beagle challenged the constitutionality of his confinement. To the extent Beagle raised claims immediately cognizable under section 1983, however, the court allowed the cases to proceed.[2] This procedure was approved by this court in Young. See 907 F.2d at 878.
 
 
 7
 The problem is that neither the district court's order nor the remainder of the record indicates what happened in regard to Beagle's section 1983 claims that were not stayed. We can only assume that those claims remain pending in the district court and, consequently, that the district court's order in regard to Beagle's unstayed section 1983 claims is not a final, appealable order. See Wolf v. Banco Nacional de Mexico, S.A., 721 F.2d 660, 662 (9th Cir.1983). We must, therefore, dismiss this portion of the appeal as well.
 
 
 8
 DISMISSED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 In his complaints, Beagle alleged that defendant Anderson conspired with defendant Nelson, his former parole officer, to release false information to the parole board. He alleged that Anderson and Nelson thereby caused his parole to be revoked in violation of his constitutional rights
 
 
 [2]
 These claims appear to be based on defendants' alleged interference in Beagle's family relationships