# United States Court of Appeals
## For the First Circuit

No. 06-1179

MIGUEL A. DIAZ-REYES,

Plaintiff, Appellant,

v.

MINERVA FUENTES-ORTIZ, in her official capacity and personal capacity; CONJUGAL PARTNERSHIP DOE-FUENTES; REYMUNDO RIVERA-VIERA, in his official and personal capacity; CONJUGAL PARTNERSHIP RIVERA-DOE; LUIS A. FELICIANO-CARRERAS, in his official and personal capacity; CONJUGAL PARTNERSHIP FELICIANO-DOE; ALIDA GUZMÁN-RIVERA, in her official and personal capacity; CONJUGAL PARTNERSHIP DOE-GUZMÁN; LILLIAN SÁNCHEZ-PÉREZ, in her official and personal capacity; CONJUGAL PARTNERSHIP DOE-SÁNCHEZ; MANUEL DÍAZ-SALDAÑA, in his official and personal capacity; CONJUGAL PARTNERSHIP DÍAZ-DOE; WILLIAM VAZQUEZ-IRIZARRY; MARA REYES-ALFONSO, in her official and personal capacity; CONJUGAL PARTNERSHIP DOE-REYES; MARÍA BETANCOURT, in her official and personal capacity; CONJUGAL PARTNERSHIP DOE-BETANCOURT; FRANCISCO PÉREZ-NEWMAN, in his official and personal capacity; CONJUGAL PARTNERSHIP PÉREZ-DOE; INSURANCE COMPANY XYZ; NYDIA I. HERNÁNDEZ; CONJUGAL PARTNERSHIP DOE-HERNÁNDEZ; ROBERTO DE-JESÚS; FERNANDO MORETTA; ZENIA MORETTA; ROBERTO SANCHEZ,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO
[Hon. Aida M. Delgado-Colón, U. S. Magistrate Judge]

Before

Selya, Circuit Judge,

Stahl, Senior Circuit Judge,

and Howard, Circuit Judge.

Jose M. Casanova Edelman on brief for appellant.

Ruperto J. Robles and Rafael J. Lopez on brief for appellees Manuel Díaz-Saldana, Comptroller for the Commonwealth of Puerto Rico, Reymundo Rivera-Viera, Lillian Sánchez Pérez, Mara Reyes Alfonso, María Betancourt, Minerva Fuentes Díaz, Francisco Pèrez Newman, Luis A. Feliciano Carreras, Alida Guzmán-Rivera, Nydia I. Hernández, Roberto De Jesús and Fernando Moretta, all in their personal and official capacities as well as in representation of their respective conjugal partnerships.

Salvador J. Antonetti-Stutts, Solicitor General, Maite D. Oronoz-Rodríguez, Deputy Solicitor General and Susana I. Peñagarícano-Brown, Assistant Solicitor General, Department of Justice, on brief for appellee Roberto Sanchez-Ramos, in his official capacity.

December 27, 2006

**HOWARD**, **Circuit Judge**.  Miguel Diaz-Reyes, an employee of the Puerto Rico Office of the Comptroller, brought an employment discrimination action against several employees of the Office of the Comptroller, in their individual and official capacities, and against the Secretary of the Puerto Rico Department of Justice, in his individual and official capacity.  The complaint asserted claims under Title VII,  42 U.S.C. § 2000e et seq.; the Civil Rights Act of 1866, 42 U.S.C. § 1981; the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 et seq.; and various Puerto Rico statutes.

Defendants moved to dismiss the Title VII claims to the extent that they asserted individual liability on the ground that such claims are unavailable under Title VII.[1]  They also moved to dismiss the remaining claims on various other grounds.  The Comptroller defendants did not, however, move to dismiss the official capacity claims under Title VII.[2]  The district court agreed with all of the defendants' arguments.  Accordingly, it ordered the dismissal of the Title VII claims against the Comptroller defendants "in their individual capacities" and the rest of Diaz's claims.  Two weeks after the court issued this

---

[1]The parties agreed to litigate this case before a magistrate judge.  See 28 U.S.C. § 636(c).

[2]The Secretary of Justice did argue that the official-capacity Title VII action against him had to be dismissed because Diaz had not exhausted administrative remedies by naming him in the Equal Opportunity Commission charge.

order, the district court clerk entered a "judgment" dismissing "the case . . . with prejudice." Diaz filed a notice of appeal ten days later. For the reasons that follow, we lack jurisdiction to consider Diaz's appeal.

Neither party has challenged our appellate jurisdiction, but we have an obligation to inquire into it sua sponte. Global Naps, Inc. v. Mass. Dep't of Telecomms. & Energy, 427 F.3d 34, 41 (1st Cir. 2005). Subject to certain exceptions not relevant here, Congress has limited the courts of appeals to reviewing final judgments of the district courts. 28 U.S.C. § 1291;[3] see Cunningham v. Hamilton County, Ohio, 527 U.S. 198, 203-04 (1999) (explaining that the final judgment rule serves several purposes including the prevention of piecemeal appeals, the avoidance of obstruction to just claims, and the promotion of efficient judicial administration).

A judgment is "any order from which an appeal lies." Fed. R. Civ. P. 54(a). For an order to constitute a final judgment, there must be "some clear and unequivocal manifestation by the [district] court of its belief that the decision made, so far as the court is concerned, is the end of the case." Goodwin v. United States, 67 F.3d 149, 151 (8th Cir. 1995); see also United States v. F. & M. Schaefer Brewing Co., 356 U.S. 227, 232 (1958)

---

[3]The statute actually uses the term "final decision," but a final decision is equivalent to a final "judgment." Sell v. United States, 539 U.S. 166, 176 (2003).

(holding that a pronouncement amounts to a final judgment where it "clearly evidences the judge's intention that it shall be his final act in the case").

It is important to distinguish between the judgment itself under Fed. R. Civ. P. 54(a) and the entry of the judgment under Fed. R. Civ. P. 58. The judgment is "the act of the court." Ex Parte Morgan, 114 U.S. 174, 175 (1885). The entry of the judgment "is the ministerial notation of the judgment by the clerk of the court." 10 Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, Federal Practice and Procedure, § 2651, at 11 (3d. ed. 1998). While the entry of judgment is crucial to its effectiveness and to measuring the time to file an appeal, "the mere entry of a notation by the clerk under Rule 58 does not create a judgment unless the court intended it to have that effect." Id.; see also In re Forrester, 177 F.2d 572, 576 (1st Cir. 1949) (stating that "the rules differentiate between a judgment and the entry of the judgment, with the implication that the judgment must pre-exist before the clerk can perform the ministerial act of entering it") (internal quotation omitted).

Here, the clerk entered a judgment, pursuant to Fed. R. Civ. P. 58, two weeks after the district court issued the order allowing the defendants' motion to dismiss.[4] But a review of the

---

[4]Under Fed. R. Civ. P. 58, "unless the court orders otherwise, the clerk must, without awaiting the court's direction, promptly prepare, sign, and enter the judgment when the court denies all

district court's order reveals that the court did not intend this order to be a final judgment disposing of the litigation. The order stated that the Title VII claims against the Comptroller defendants were dismissed only to the extent that they asserted individual capacity claims. These defendants did not move for dismissal of the official capacity Title VII claims, and the order did not mention them. Moreover, the court's order did not purport to end the case, as it merely listed the claims that were dismissed. Thus, the clerk's entry of judgment pursuant to Fed. R. Civ. P. 58 appears to have been a clerical error and is without effect. See Butler v. Stover Bros. Trucking Co., 546 F.2d 544, 548 (7th Cir. 1977) ("Entry of judgment involves a ministerial duty by the clerk. If the clerk fails to stay within the authority given him . . . entry of judgment by the clerk is void.") (citations omitted). Accordingly, there is no judgment under Fed. R. Civ. P. 54(a), and we lack jurisdiction under 28 U.S.C. § 1291. See Burke v. Comm'r, 301 F.2d 903, 903-04 (1st Cir. 1962) (per curiam) (concluding that there was no appellate jurisdiction, despite the clerk having entered judgment, where it appeared that the district court did not intend a judgment to issue).[5]

---

relief." See generally 11 Federal Practice & Procedure § 2783.

[5]A district court may issue a partial judgment to permit an interlocutory appeal, where, as here, it has dismissed certain claims or certain parties in their entirety. Fed. R. Civ. P. 54(b); see generally Liberty Mut. Ins. Co. v. Wetzel, 424 U.S. 737, 742-44 (1976). But to do so, the court must make "an express

**Appeal dismissed**. **The district court, on remand, should vacate the judgment as void and conduct further proceedings consistent with this opinion. No costs are awarded.**

---

determination that there is no just reason for delay" and direct the entry of judgment as to the dismissed claims or parties. Fed. R. Civ. P. 54(b); see Spiegel v. Trustees of Tufts Coll., 843 F.2d 38, 42-44 (1st Cir. 1988) (discussing the elements of a proper Fed. R. Civ. P. 54(b) certification). There is no indication that the district court intended to issue such a partial judgment here.