[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 24-13246

Non-Argument Calendar

_____

WASEEM DAKER,

Plaintiff-Appellant,

*versus*

PATRICK HEAD,
JESSE D. EVANS,
MARY E. STALEY,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

2                          Opinion of the Court                     24-13246

D.C. Docket No. 1:20-cv-03690-SDG

_____

Before NEWSOM, LUCK, and BRASHER, Circuit Judges.

PER CURIAM:

Upon review of the record and the appellant's response to our jurisdictional questions, we conclude that we lack jurisdiction over this appeal because it is not taken from a final or otherwise immediately appealable order. Waseem Daker appeals from the district court clerk's judgment purporting to dismiss the action and from the district court's order denying without prejudice his motion to vacate that judgment.

While the clerk's judgment purports to dismiss the action, the clerk lacked authority to enter judgment because the district court did not enter an order directing entry of judgment and the record does not otherwise indicate that a judge directed such entry. *See Pure Oil Co. v. Boyne*, 370 F.2d 121, 122 (5th Cir. 1966) (holding that the court clerk's role is ministerial and that "[c]ourts render judgments; clerks only enter them on court records"). And while there are certain circumstances where a district court clerk may enter a valid and effective judgment without any direction from the district court, none of those circumstances are present here. *See* Fed. R. Civ. P. 58(b)(1) (providing that the clerk "must" enter judgment "without awaiting the court's direction" when: "(A) the jury returns a general verdict; (B) the court awards only costs or a sum

certain; or (C) the court denies all relief"). Because the clerk lacked authority to enter its judgment, that judgment was ineffective.

The order denying without prejudice Daker's motion to vacate the judgment also is not final, as it did not end the litigation. That order extended the deadline for Daker to pay the filing fee and directed the clerk to resubmit the case to the district judge.

Thus, no final order has been entered in this case, and we therefore lack jurisdiction over this appeal. *See* 28 U.S.C. § 1291 (providing that our jurisdiction is generally limited to "final decisions of the district courts"); *Acheron Cap., Ltd. v. Mukamal*, 22 F.4th 979, 986 (11th Cir. 2022) (holding that "[a] final decision is typically one that ends the litigation on the merits and leaves nothing for the court to do but execute its judgment"). Moreover, neither the clerk's judgment nor the court's order denying Daker's motion to vacate are effectively unreviewable on appeal from a later final order. *See Plaintiff A v. Schair*, 744 F.3d 1247, 1252-53 (11th Cir. 2014) (explaining that a ruling that does not conclude the litigation may be appealed under the collateral order doctrine if it, *inter alia*, is "effectively unreviewable on appeal from a final judgment").

Accordingly, this appeal is DISMISSED for lack of jurisdiction. All pending motions are denied as moot.