Guy LEWIS, Jr., Plaintiff–Appellant,

v.

**UNITED STATES POSTAL SERVICE,**
Defendant–Appellee.

No. 87–1783.

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 20, 1987.*

Decided Feb. 29, 1988.

John E. Jones, San Francisco, Cal., for plaintiff-appellant.

Joseph E. Maloney, Asst. U.S. Atty., Sacramento, Cal., Joan C. Goodrich, Office of Labor Law, Washington, D.C., for defendant-appellee.

Before ALARCON, NORRIS and LEAVY, Circuit Judges.

PER CURIAM:

In May, 1986, Lewis filed this Title VII action against the U.S. Postal Service. On November 21, 1986, the district court orally denied Lewis's motion to amend his complaint and dismissed the action for failure to name the Postmaster General as a defendant and properly serve the complaint. On December 17, 1986, Lewis filed a motion to reconsider,[1] which he had previously served on the defendant. A separate judgment was entered in accordance with Fed. R.Civ.P. 58 and 79(a) on January 14, 1987. Lewis filed a notice of appeal on March 9, 1987. On April 16, 1987, the district court filed an order denying Lewis's motion to reconsider. Lewis did not file a new notice of appeal. This court issued an order to show cause why the appeal should not be dismissed for lack of jurisdiction under the authority of *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 103 S.Ct. 400, 74 L.Ed.2d 225 (1982) (notice of appeal filed while timely post-judgment motion is pending has no effect).

■ Relying on *Agostino v. Ellmar Packing Co.*, 191 F.2d 576 (9th Cir.1951) (per curiam), Lewis argues in his response to the order to show cause that because his motion basically reargued the law support-

ing the district court's dismissal, and did not add anything new by way of law or fact, the separate judgment entered on January 14, 1987, implicitly denied his motion. Thus, he concludes, *Griggs* is inapplicable and the notice of appeal was timely. However, in *Calculators Hawaii, Inc. v. Brandt, Inc.*, 724 F.2d 1332, 1335 (9th Cir. 1983), this court explained that *Agostino* requires an examination of the record and the judgment itself to determine whether the entry of separate judgment was intended to deny all pending motions. Such an examination in this case fails to reveal an implicit denial. Lewis's motion contained the record in *Rice v. Hamilton Air Force Base*, 720 F.2d 1082 (9th Cir.1983), an argument that his case was factually similar to *Rice*, and an attempt to rebut the distinction of *Rice* from Lewis's case made by the district judge at the November hearing. Nothing in the record or the January judgment reflects the district court's consideration of these arguments. Further, the fact that the district court later held a hearing on the motion, and issued an order denying it, weighs heavily against finding an implicit denial in the January judgment. *See Calculators, Hawaii, Inc.*, 724 F.2d at 1335.

■ The only other credible argument which might be raised to save Lewis's appeal[2] is that, because Lewis made the Rule 59 motion to reconsider after the district court's oral announcement of its decision but before there was a written order or separate entry of judgment, the motion was ineffective because it was premature. Language from *Wood v. Coast Frame Supply, Inc.*, 779 F.2d 1441, 1442–43 (9th Cir.1986) (order) *amended* 791 F.2d 802 (9th Cir.1986) provides some support for the argument. However, a close reading of the facts in *Wood*, 779 F.2d at 1442, and

---

1. The motion to reconsider was appropriately brought under Fed.R.Civ.P. 59(e). *See Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir. 1985); *Sidney–Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir.1983). There is no reason, on this record, to construe the motion as having been brought under Fed.R.Civ.P. 60(b) because there was no attempt to show extraordinary circumstances or any other ground for relief specified in Rule 60(b). *See Backland,*

778 F.2d at 1388. Thus, Lewis does not and cannot contend that the motion was brought under Rule 60(b).

2. Lewis has not timely filed any other document in this court or the district court which might be construed as a notice of appeal. *See Rabin v. Cohen*, 570 F.2d 864 (9th Cir.1978).

the amendment to the order in the case, 791 F.2d 802, makes clear that the problem in *Wood* was uncertainty as to whether the district judge had disposed of all of Woods' claims, rather than the lack of a written order or separate entry of judgment. Otherwise, as applied to a Rule 59 motion, the language in *Wood* conflicts with *Calculators Hawaii, Inc.,* 724 F.2d at 1335 (Rule 52(b) motion made after court indicates action it will take but before entry of judgment is timely).[3]

The Rule 59 motion was timely. Lewis was required to file a new notice of appeal after the district court's entry of the order disposing of the motion. His failure to do so deprives this court of jurisdiction. *Griggs* 459 U.S. at 61, 103 S.Ct. at 403. The appeal is dismissed.

---

**3.** As applied to the filing of a notice of appeal, the language in *Wood* also conflicts with Fed.R. App.P. 4(a)(2) (notice of appeal filed after announcement but before entry of separate judgment effective on date of entry); *Bankers Trust Co. v. Mallis,* 435 U.S. 381, 98 S.Ct. 1117, 55 L.Ed.2d 357 (1978) (separate entry of judgment is not a jurisdictional prerequisite and can be waived); and *Acosta v. Louisiana Dept. of Health and Human Resources,* 478 U.S. 251, 106 S.Ct. 2876, 92 L.Ed.2d 192 (1986) (in case involving oral denial of post-judgment motion, court states "the general rule [is] that a notice of appeal filed after the announcement of an order but before its entry in the docket will be deemed timely.")