86 F.3d 1162
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Perry A. MCCULLOUGH, Plaintiff-Appellant,
v.
Glen CRAIG; Edward Doonan; Michael Weisman, Defendants-Appellees.
 No. 94-17120.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 20, 1996.*
Decided May 29, 1996.
 
 Before: BROWNING, REINHARDT, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Federal prisoner Perry McCullough appeals pro se the district court's denial as untimely of his Fed.R.Civ.P. 59(e) motion. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review for abuse of discretion, Carter v. United States, 973 F.2d 1479, 1488 (9th Cir.1992), and affirm.
 
 
 3
 The district court entered judgment in this case on September 26, 1994. Excluding the date of entry of judgment, and intermediate Saturdays, Sundays, and legal holidays pursuant to Fed.R.Civ.P. 6(a), the tenth day after the entry of judgment was October 11, 1994. McCullough's motion was untimely. See Fed.R.Civ.P. 59(e). Because the district court had no discretion to consider a late Rule 59(e) motion, there was no abuse of discretion here. See Fed.R.Civ.P. 59(e); Carter, 973 F.2d at 1488.[1] In addition, we lack jurisdiction to consider the underlying judgment because the Rule 59(e) motion was untimely and the notice of appeal was filed over thirty days after the entry of judgment. See Scott v. Younger, 739 F.2d 1464, 1466 (9th Cir.1984).
 
 
 4
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 There is no reason, on this record, to construe McCullough's motion as having been brought under Fed.R.Civ.P. 60(b) because there was no attempt to show extraordinary circumstances or any other ground for relief specified in Rule 60(b). See Lewis v. United States Postal Service, 840 F.2d 712, 713 n. 1 (9th Cir.1988). Thus, McCullough does not and cannot contend that the motion was brought under Rule 60(b). See id