134 F.3d 378
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Harold J. RUCKER, Plaintiff-Appellant,
v.
U.S. POSTAL SERVICE; Marvin T. Runyon, Jr., Postmaster
General, Defendants-Appellees.
 No. 96-17151.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 12, 1998.**
Decided Jan. 15, 1998.
 
 Before: BROWNING, KLEINFELD, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Harold J. Rucker appeals pro se the district court's denial of motions for a new trial and for relief from judgment following a jury verdict in favor of his employer, the Postmaster General of the United States Postal Service, in his Title VII action alleging discrimination on the basis of race when he was disqualified from eligibility for promotion to the position of electronic technician. He also appeals the district court's summary judgment on his claim of retaliation for EEO activities. We have jurisdiction under 28 U.S.C. § 1291. We affirm.
 
 
 3
 We review the district court's denial of plaintiff's motions for a new trial and for relief from the judgment for an abuse of discretion. EEOC v. Pape Lift, Inc., 115 F.3d 676, 680 (9th Cir.1997); Fireman's Fund Ins. Co. v. Alaskan Pride Partnership, 106 F.3d 1465, 1570-71 (9th Cir.1997). A district court abuses its discretion when it bases its decision on an erroneous view of the law or a clearly erroneous assessment of the facts. Coughlin v. Tailhook Ass'n, 112 F.3d 1052, 1055 (9th Cir.1997).
 
 
 4
 We review de novo the district court's grant of summary judgment. Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir.1997). We must determine, viewing the evidence in the light most favorable to the plaintiff, whether there are any genuine issues of material fact and whether the district court correctly applied the relevant law. Id.
 
 
 5
 We do not review Rucker's contention that there was insufficient evidence to support the jury's verdict because he failed to make a motion for judgment as a matter of law prior to the submission of the case to the jury. United States v. 33.5 Acres of Land, 789 F.2d 1396, 1400 (9th Cir.1986). While this may seem harsh, it is one of the risks that plaintiff assumes when he chooses to represent himself. King v. Atiyeh, 814 F.2d 565, 567 (9th Cir.1987) (pro se litigants are held to the same procedural rules as litigants represented by counsel). Regardless, because the court reviewed Rucker's complaints about the sufficiency of the evidence in the context of his Rule 59 motion, we need not invoke the court's obligation to "protect pro se litigants from inadvertent forfeiture of important rights" here. See Traguth v. Zuck, 710 F.2d 90, 95 (2nd Cir.1983).
 
 
 6
 Denial of Motions for a New Trial and Relief from Judgment
 
 
 7
 Rucker contends that the district court should have granted his motions for a new trial and for relief from judgment because the evidence proved that he was discriminated against, he was prejudiced by various inappropriate evidentiary rulings, he was prejudiced by various incidences of misconduct by opposing counsel and the jury, and he was unable to represent himself effectively at trial. The district court did not abuse its discretion in concluding that none of Rucker's contentions justified the relief requested.
 
 
 8
 "A stringent standard applies when [a Rule 59 motion] is based on insufficiency of the evidence. A motion will be granted on this ground only if the verdict is against the great weight of the evidence, or it is quite clear that the jury has reached a seriously erroneous result." Pape Lift, 115 F.3d at 680 (citations and internal quotations omitted). The district court's conclusion that the jury made no mistake is not clearly erroneous. None of the challenged evidentiary rulings were unsound.
 
 
 9
 A motion for relief from judgment may be based, among other things, upon fraud, misrepresentation, or other misconduct of an adverse party. Fed.R.Civ.P. 60(b). The moving party must prove by clear and convincing evidence that one of these bases for relief occurred and that the misconduct prevented the movant from fully and fairly presenting his case. Wharf v. Burlington Northern Railroad Co., 60 F.3d 631, 637 (9th Cir.1995).
 
 
 10
 Rucker complains that the Postmaster did not call two of the three members of the Postal Service review panel even though they were originally scheduled to appear, depriving him of the opportunity to elicit their testimony. We have already held that such a situation does not violate a criminal defendant's Sixth Amendment right of confrontation. United States v. Heck, 499 F.2d 778, 789 (9th Cir.1974). As in Heck, Rucker could have called the witnesses himself, it is likely that their testimony would have been cumulative, and there is no evidence that the Postal Service's failure to call them was based on improper motives. There was no misconduct by the Postal Service and any effect on Rucker's case should have been remedied by Rucker himself. There was no abuse of discretion in rejecting this contention.
 
 
 11
 Rucker also complains about the tardiness of the first reasonable settlement offer, various arguments by opposing counsel, perjury by an opposition witness, jurors's failure to read all of the documents and to return his phone calls, and a conspiracy to treat him adversely at work while he was preparing his case for trial. The district court correctly concluded that these contentions were not grounds for the relief requested.
 
 
 12
 Finally, Rucker contends that various trial events affected his emotional balance and his ability to represent himself effectively. Claims of ineffective assistance of counsel cannot be brought in connection with a civil suit. Friedman v. State of Arizona, 912 F.2d 328, 333 (9th Cir.1990), cert. denied, 498 U.S. 1100 (1991). Demonstrated diligence in an attempt to find an attorney is not sufficient to require a new trial where there are no procedural defaults creating an unjust result. See Traguth, 710 F.2d at 95 (reversal required where pro se defendant made good faith effort to secure counsel prior to failure to file timely answer to complaint).
 
 Summary Judgment on Retaliation Claim[1]
 
 13
 To succeed on a Title VII retaliation claim, plaintiff must demonstrate that he was engaged in protected activity or opposition, that he suffered an adverse employment decision, and that there was a causal link between his activity and the employment decision. Folkerson v. Circus Circus Enterprises, Inc., 107 F.3d 754, 756 (9th Cir.1997). Rucker adduced no evidence to show that there was a causal link between his EEO activities and the adverse employment decision about which he is complaining. He argues that he was foreclosed from developing this evidence by the district court's refusal to accept his motions to compel discovery of certain Postal Service records regarding employee discrimination complaints. Such information would have had no bearing on whether or not the members of the employment qualification panel were aware of his EEO activities. Maljack Prods., Inc. v. GoodTimes Home Video Corp., 81 F.3d 881, 888 (9th Cir.1996) (finding no abuse of discretion where the movant failed to show how allowing additional discovery would have precluded summary judgment). Summary judgment was appropriate.
 
 
 14
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4. Accordingly, Appellant's request for oral argument is denied
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 We consider this claim notwithstanding the Appellate Commissioner's order of December 19, 1996 because Rucker filed a motion for new trial on May 23, 1996, which was "no later than 10 days after entry of the judgment on May 24, 1996. See Lewis v. United States Postal Service, 840 F.2d 712 (9th Cir.1987)