NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JAN 12 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| OVATION TOYS CO., LTD.,<br><br>            Plaintiff-Appellant,<br><br>   v.<br><br>ONLY HEARTS CLUB, a business entity form unknown; OHC GROUP, LLC, a Delaware limited liability company; LEN SIMONIAN, an individual,<br><br>            Defendants-Appellees. | No.   15-55564<br><br>D.C. No.<br>2:14-cv-01711-R-MAN<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Manuel L. Real, District Judge, Presiding

Submitted January 10, 2017[**]
Pasadena, California

Before:  TALLMAN and FRIEDLAND, Circuit Judges, and FABER,[***] Senior District Judge.

---

   [*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

   [**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

   [***]      The Honorable David A. Faber, Senior United States District Judge for the Southern District of West Virginia, sitting by designation.

Ovation Toys Co., Ltd. (Ovation), a Hong Kong toy manufacturer, appeals the district court's dismissal of its complaint with prejudice. According to the allegations of the complaint, which are presumed to be true on a motion to dismiss for failure to state a claim, *see Telesaurus VPC, LLC v. Power*, 623 F.3d 998, 1003 (9th Cir. 2010), commencing on March 28, 2011, Ovation entered into several written agreements with Len Simonian and his two companies, Only Hearts Club (Only Hearts) and OHC Group, LLC (collectively "OHC"), in which Ovation was to produce a number of toys for OHC. Based on Simonian's representations to Ovation that OHC was in the toy business and had the means to pay for the toys ordered, Ovation custom manufactured approximately 150,000 toys for OHC. Ovation billed OHC for the toys ordered in a series of invoices totaling $592,308.57, but OHC did not pay any of the invoices.

On March 7, 2014, Ovation filed this lawsuit against Only Hearts, OHC Group, as well as Simonian alleging causes of action for breach of contract, fraud and deceit, unjust enrichment, and conversion. Ovation seeks to hold Simonian personally liable for the debts of the two businesses, contending that Simonian exercised such a degree of control and dominion over the two entities so as to make them his alter egos.

Pursuant to Rule 12(b)(6), the district court dismissed with prejudice all claims against all defendants. The district court also denied Ovation's motion

2

asking the court to reconsider its denial of leave to amend the complaint. Ovation timely appealed. *See, e.g, Lewis v. United States Postal Service*, 840 F.2d 712, 713 (9th Cir. 1988); *Calculators Hawaii, Inc. v. Brandt, Inc.*, 724 F.2d 1332, 1335 (9th Cir. 1983). We affirm in part, reverse in part, vacate in part, and remand with instructions to allow Ovation to file an amended complaint.

"We review dismissals under Rules 9(b) and 12(b)(6) de novo." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1102 (9th Cir. 2003). A district court's denial of leave to amend a complaint is reviewed for abuse of discretion, keeping in mind that "such denial is strictly reviewed in light of the strong policy permitting amendment." *Sisseton–Wahpeton Sioux Tribe of Lake Traverse Indian Reservation v. United States*, 90 F.3d 351, 355 (9th Cir. 1996) (quoting *Texaco, Inc. v. Ponsoldt*, 939 F.2d 794, 798 (9th Cir. 1991)).

The district court found that Ovation failed to plead a contract claim. However, Ovation does plead a contract claim by alleging each element of such a claim: "(1) a contract [or contracts], (2) plaintiff's performance or excuse for nonperformance; (3) defendant's breach, and (4) damage to plaintiff." *Troyk v. Farmers, Grp., Inc.*, 171 Cal. App. 4th 1305, 1352 (Cal. Ct. App. 2009). A fair reading of Ovation's complaint is that Ovation and OHC entered into a contract or series of contracts in which Ovation was to manufacture custom toys for OHC for an agreed upon price; that Ovation made the toys; OHC failed to pay for the toys;

and Ovation has suffered damages in the amount of $592,308.57. While the allegations regarding the breach of contract claim could have been more specific, they are sufficient to withstand dismissal and we reverse the district court's dismissal of this claim.

Under California law, the "elements of fraud are: (1) a misrepresentation (false representation, concealment, or nondisclosure); (2) knowledge or falsity (or scienter); (3) intent to defraud, i.e., to induce reliance; (4) justifiable reliance; and (5) resulting damage." *Robinson Helicopter Co. v. Dana Corp.*, 102 P.3d 268, 274 (Cal. 2004). Federal Rule of Civil Procedure 9(b) requires a plaintiff to plead fraud with particularity, and the circumstances constituting the alleged fraud must be "specific enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong." *Bly–Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001) (quoting *Neubronner v. Milken*, 6 F.3d 666, 671 (9th Cir. 1993)). "Averments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged." *Vess*, 317 F.3d at 1106 (quoting *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997)).

Ovation fails to allege the particular circumstances surrounding the allegedly false representations. The "who, what, when, where, and how" are missing. We

4

agree with the district court that Ovation failed to plead its fraud claim with particularity.

We likewise agree with the district court's determination that Ovation failed to allege sufficient facts to establish that the two businesses are merely alter egos of Simonian. To state a claim of alter ego liability under California law, a plaintiff must allege "(1) that there be such unity of interest and ownership that the separate personalities of the corporation and the individual no longer exist and (2) that, if the acts are treated as those of the corporation alone, an inequitable result will follow." *Mesler v. Bragg Mgmt. Co.*, 702 P.2d 601, 606 (Cal. 1985) (quoting *Automotriz del Golfo de Cal. S.A. de C.V. v. Resnick*, 306 P.2d 1, 3 (Cal. 1957)). Ovation's allegations regarding the first factor -- unity of interest and ownership -- are stated in wholly conclusory terms with little or no supporting facts. Furthermore, there are no allegations regarding the second element as Ovation does not articulate any inequity that would result by refusing to apply alter ego liability.

While we agree that Ovation failed to sufficiently plead a fraud claim, as well as its claims against Simonian under an alter ego theory, we find the district court abused its discretion in dismissing those claims with prejudice and denying Ovation an opportunity to amend the complaint. Where a Rule 12(b)(6) motion to dismiss is granted, "a district court should grant leave to amend even if no request

5

to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).  The district court dismissed the fraud claim and the claims against Simonian under an alter ego theory because of pleading deficiencies and, therefore, we cannot say that those claims cannot be saved by further pleading. Where, as here, any amendment to Ovation's complaint would be the first, we conclude that the foregoing claims should have been dismissed with leave to amend.

We affirm the district court's dismissal of the unjust enrichment and conversion claims because Ovation did not pursue them on appeal.  *See, e.g., Brownfield v. City of Yakima*, 612 F.3d 1140, 1149 n.4 (9th Cir. 2010) ("We review only issues which are argued specifically and distinctly in a party's opening brief.").

In sum, we reverse the district court's dismissal of the breach of contract claim.  Given Ovation's abandonment of its unjust enrichment and conversion claims, we affirm the district court's dismissal thereof.   We vacate the dismissal of Ovation's fraud claim as well as all claims against Simonian under an alter ego theory of liability and remand with instructions that Ovation be given leave to amend its complaint consistent with this decision.

6

The parties shall bear their own costs on appeal.

**AFFIRMED in part, REVERSED in part, VACATED in part, and REMANDED**.